UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:23-cr-00035-JAW |
| | ) | |
| JEFFREY PAUL BARNARD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO CHANGE VENUE**

A defendant awaiting trial objects to the court's decision to hold trial in Portland as opposed to Bangor, Maine. After rejecting the legal bases for the objection, the court explains that the basis for its discretionary decision to hold trial in Portland was the Marshal Service's concern that no jail within a reasonable distance of Bangor would house the defendant. As the Government proposes that the trial be held in Bangor, the Court assumes the Marshal Service's local incarceration concerns have been resolved and grants the defendant's motion to hold the trial in Bangor, but not on the grounds he proposed.

**I.   BACKGROUND**

On May 18, 2023, a federal grand jury indicted Jeffrey Paul Barnard in a one-count indictment for possession of a firearm by a felon, an alleged violation of 18 U.S.C. § 922(g)(1), together with a forfeiture allegation for a Ruger, Single Six, .22 caliber revolver. *Indictment* (ECF No. 3). On January 25, 2024, the Court held a hearing on Attorney Peter Rodway's third motion to withdraw as defense counsel. *Min. Entry* (ECF No. 84); *Tr. of Proceedings* (ECF No. 138) (*Jan. 25 Tr.*). At the hearing, the Court discussed whether the trial of Mr. Barnard's case would take

place in Portland or Bangor. *Id.* at 16:22-19:5. The Court noted that the United States Marshals Service had advised that no local jail within a reasonable distance of Bangor would house Mr. Barnard so the Marshals Service preferred that the trial take place in Portland. *Id.* On February 26, 2024, the Court issued a written order to this effect. *Order* at 2 (ECF No. 87). Also on February 26, 2024, the Court set trial for June 2024 in Portland with jury selection to take place on June 3, 2024, and trial to proceed immediately thereafter. *Notice of Hr'g* (ECF No. 88). On April 24, 2024, the Court continued the June trial to September 2024 because Mr. Barnard is undergoing surgery in late May/early June 2024. *Speedy Trial Order* (ECF No. 122).

On March 22, 2024, Mr. Barnard filed an objection to the Court's February 26, 2024 order setting trial for Portland, Maine. *Mot. Obj. Ex Parte to Ct. Order ECF No. 87* (ECF No. 102) (*Def.'s Obj.*). On April 25, 2024, the Government filed its response. *Gov't's Resp. to Mot. Obj. to Ct. Order ECF No. 87* (ECF No. 123) (*Gov't's Resp.*). Mr. Barnard's reply was due by May 9, 2024, but he failed to file a reply.[1]

## II.   THE POSITIONS OF THE PARTIES

### A.   Jeffrey Paul Barnard's Objection

Mr. Barnard's main point is that he has a right to have a jury trial in the division of the District of Maine where the case was indicted. *Def.'s Obj.* at 1. Mr. Barnard reads Federal Rules of Criminal Procedure 18 and 21 as mandating that

---

[1] On April 29, 2024, the Court appointed Attorney John Scott Webb, Mr. Barnard's sixth attorney, to represent Mr. Barnard. However, as Mr. Barnard filed this motion when he was pro se, the Court would have accepted a reply from either Mr. Barnard or Attorney Webb. No reply was filed nor was it necessary because both the Government and Mr. Barnard urged the Court to grant the motion.

the trial of a case take place in the division where it was initiated. *Id.* at 1-2. Mr. Barnard says that "[t]his alleged crime and offense occurred in Millinocket, Maine" and, therefore, his "witnesses will need to travel four to five hours one way to any trial" and this compares to "one hour of travel from Millinocket, Maine to Bangor, Maine." *Id.* at 2.

Mr. Barnard's second point is that potential jurors who live in northern Maine "are more sympathetic and understanding as to the many reasons one might need to exercise their **Second Amendment** right that is the cornerstone of the defendant[']s defense." *Id.* (emphasis in original)

Mr. Barnard's third issue is that he contends the Court concluded that the trial would be in Portland without giving him an opportunity to be heard and that the Court's decision was arbitrary "without any argument or input from defendant or objection from his court appointed attorney at that time Peter Rodway." *Id.* at 2-3.

Finally, he accuses the Court of being "extrem[e]ly **bias[ed]** and **prejudice[d]** as the defendant[']s rights and applying the **Rules of The Court** properly, namely **Rule 18** and **21**." *Id.* at 3 (emphasis in original).

   B.   **The Government's Response**

In its response, the Government objected to Federal Rule of Criminal Procedure 18 as the ground for Mr. Barnard's motion. *Gov't's Resp.* at 1-2. The Government concedes that the Court has "broad discretion in determining where a trial should be held within a district." *Id.* at 2. Even so, the Government urges the

3

Court to hold the trial in Bangor. because (1) the defendant wants it there, (2) the witnesses are all located in Millinocket or Bangor, and (3) it does not appear that holding the trial in Portland as opposed to Bangor would have any impact on the prompt administration of justice. *Id.* The Government touches on the basis of the Court's decision to move the trial to Bangor, acknowledging that "the defendant is currently housed in Strafford, New Hampshire and that transporting the defendant to Bangor places additional strain on the United States Marshals Service both with respect to the additional time involved in transport and with respect to housing the defendant in Maine." *Id.* at 3. The Government proposes that all pretrial hearing be held in Portland, but the trial be held in Bangor. *Id.*

### III.  DISCUSSION

#### A.  Jeffrey-Paul Barnard's Legal Arguments Are Without Merit

Mr. Barnard charges the Court with extreme bias and prejudice against his rights as evidenced by its refusal to properly apply Federal Rules of Criminal Procedure 18 and 21, 28 U.S.C. §§ 1393, 1441, and 1861, and the Sixth Amendment of the United States Constitution.  Mr. Barnard is simply wrong in his interpretation of the Constitution, these rules and statutes, and their application to his case.

Turning to Federal Rule of Criminal Procedure 18. The Rule provides:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

4

FED. R. CRIM. P. 18. The flaw in Mr. Barnard's argument is that the District of Maine is one district and, therefore, the first sentence of Rule 18 does not apply to Mr. Barnard. Some districts are statutorily divided into divisions, *see* 28 U.S.C. § 83 (dividing the Eastern District of Arkansas into the Northern, Central and Delta divisions). Maine is not. At one point, the District of Maine was statutorily divided into two divisions, a Northern and Southern Division. *United States v. Cates*, 485 F.2d 26 (1st Cir. 1974). However, in 1978, Congress amended 28 U.S.C. § 99 to provide that Maine is "one judicial district" without divisions. *See* P.L. 95-573, 92 Stat. 2458 (Nov. 2, 1978). Federal law now provides that "Maine constitutes one judicial district." 28 U.S.C. § 99. Thus, whether Mr. Barnard's trial takes place in Bangor or Portland, the Government will be prosecuting him "in a district where the offense was committed," FED. R. CRIM. P. 18, namely the singular District of Maine.

Mr. Barnard also cites Federal Rule of Criminal Procedure 21, which reads:

> **(a) For Prejudice.** Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there.
> **(b) For Convenience.** Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice.
> **(c) Proceedings on Transfer.** When the court orders a transfer, the clerk must send to the transferee district the file, or a certified copy, and any bail taken. The prosecution will then continue in the transferee district.
> **(d) Time to File a Motion to Transfer.** A motion to transfer may be made at or before arraignment or at any other time the court or these rules prescribe.

FED. R. CRIM. P. 21. By its terms, Rule 21 does not apply because it addresses transfers from one district to another, and here Mr. Barnard is asking for an intra-district transfer within the District of Maine. *See United States v. Reardon*, No. 1:21-cr-00061-LEW, 2022 U.S. Dist. LEXIS 110064, at *1 (D. Me. June 22, 2022) ("Intradistrict transfers to avoid prejudice are not governed by the rules of changes in venue between judicial districts" (citing FED. R. CRIM. P. 21 advisory committee's note to 1966 amendments)).

Mr. Barnard makes the same mistake in claiming that a trial in Portland would violate the Sixth Amendment to the United States Constitution. The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, <u>by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law,</u> and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. CONST. amend. VI (emphasis supplied).[2] Again, by its express language, the Sixth Amendment requires only that a defendant be prosecuted in the state and district where the crime is alleged to have been committed. *See United States v. Tsarnaev*, No. 13-cr-10200-GAO, 2014 U.S. Dist. LEXIS 134596, at *1-2 (D. Mass. Sept. 23, 2014). Here, the state and district are one and the same, Maine, and the indictment alleges that Mr. Barnard committed this crime "within the District of

---

[2]  Article III, § 2, cl. 3 provides that the trial of a criminal case "shall be held in the State where the said Crimes shall have been committed." U.S. CONST. art. III, § 2, cl. 3.

Maine." *Indictment* at 1 (ECF No. 3). Whether his trial is held in Portland or Bangor, it will be held in the District of Maine, where the Government alleges his conduct occurred, and a trial within the state and District of Maine does not violate Article III of or the Sixth Amendment to the United States Constitution.

Finally, Mr. Barnard cites several statutes in support of his position, but they have all either been repealed or are inapplicable to his case. First, he cites 28 U.S.C. § 1393, but Congress repealed 28 U.S.C. § 1393 in 1988. *See* Pub. L. 100-702, tit. X, § 1001(a), 102 Stat. 4464 (Nov. 19, 1988). Mr. Barnard also cites 28 U.S.C. § 1441, which addresses the removal of civil actions, but this is a criminal action and § 1441 is not applicable. Nor is 28 U.S.C. § 1861 relevant because it merely provides that "all litigants in federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." As the district court for the District of Maine convenes both in Bangor and Portland, a trial in either location complies with the statute.

Put simply, none of Mr. Barnard's citations of law is relevant to his argument.

### B.   Federal Rule of Criminal Procedure 18

What is relevant is the second sentence of Federal Rule of Criminal Procedure 18, which allows a court to "set the place of trial . . . with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." FED. R. CRIM. P. 18. Where to set the trial within the

district falls within the Court's discretion. *Reardon*, 2022 U.S. Dist. LEXIS 110064, at *1-2. "This discretion naturally includes concerns for fairness and due process." *Id.* at *2.

Mr. Barnard says that "this alleged crime and offense occurred in Millinocket, Maine," and, "[a]s such, this defendant[']s witnesses would need to travel four to five hours one way to any trial that may take place, placing unjust burden upon them and a fina[n]cial stress due to travel time, fuel and the time they would need to take off from th[ei]r jobs. Compared to the one hour of travel from Millinocket, Maine to Bangor, Maine." *Def.'s Obj.* at 2. Mr. Barnard also believes that jurors in northern Maine would be more sympathetic to his Second Amendment rights than jurors from southern Maine.[3] *Id.*

The sole reason the Court scheduled trial in Portland was practical and based on representations by the United States Marshals Service about difficulty housing Mr. Barnard for a Bangor trial. The Court either misunderstood the Marshals Service or the Government resolved these issues. As the Court stated on January 25, 2024, it is always the Court's preference to hold Bangor trials in Bangor. *Jan. 25, 2025 Tr.* 18:6-7 ("[B]ut for the U.S. Marshal's concern about where they house them, it should be in Bangor"). The Court is most willing to accommodate the parties and hold the trial in Bangor, but not for the reasons Mr. Barnard suggests.

As for the Government's suggestion that the Court hold pretrial hearings in Portland, the Court will handle pretrial hearings as they come. Most pretrial

---

[3]  By reciting Mr. Barnard's Second Amendment argument, the Court is not implying that Mr. Barnard will be allowed to make a constitutional argument to the jury in this case.

8

hearings can be readily handled by videoconference or by telephone. If it is necessary to hold an in-person pretrial hearing, the Court will hold the hearing either in Bangor or Portland as the circumstances dictate.

## IV.   CONCLUSION

The Court GRANTS the Defendant's Motion Objecting Ex Parte to Court Order ECF No. 87 (ECF No. 102) and ORDERS the trial scheduled for Bangor, not Portland.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 13th day of May, 2024